UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DONATA INGUAGGIATO, GIOVANNI INGUAGGIATO, GREGORY DALEY,

    Plaintiffs,

  v.

WELLS FARGO & COMPANY, BRYANT OWENS,

    Defendants.

**MEMORANDUM & ORDER**

24-CV-7584 (HG) (ST)

**HECTOR GONZALEZ**, United States District Judge:

  Plaintiffs Donata Inguaggiato, Giovanni Inguaggiato, and Gregory Daley filed this *pro se* action, in which they claim they were defrauded. ECF No. 1 (Complaint). Each Plaintiff seeks to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2 (D. Inguaggiato IFP Motion); ECF No. 3 (G. Inguaggiato IFP Motion); ECF No. 4 (Daley IFP Motion). For the reasons discussed in this Order, Plaintiffs' applications to proceed IFP are denied. If Plaintiffs wish to proceed with this action, they must pay the $405.00 filing fee on or before December 27, 2024.

## LEGAL STANDARD

  "The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system." *Davis v. NYC Dep't of Educ.*, No. 10-cv-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010)[1]; *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (same). A plaintiff seeking to proceed IFP must submit an affidavit stating "that [he or she] is unable to pay" filing fees "or give security therefor." 28

---

[1]  Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

U.S.C. § 1951(a)(1). Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts in this district apply that provision when a litigant's statement of assets fails to establish the level of poverty required under the IFP statute. *See, e.g., Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2–3 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-cv-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021). "The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court." *Grimes v. Sil*, No. 19-cv-1066, 2019 WL 981639, at *1 (E.D.N.Y. Feb. 27, 2019). "If it appears that an applicant's access to court has not been blocked by his financial condition; rather that he is merely in the position of having to weigh the financial constraints posed if he pursues his position against the merits of his case, then a court properly exercises its discretion to deny the application." *Brooks v. Aiden 0821 Capital LLC*, No. 19-cv-6823, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020).

## **DISCUSSION**

Donata Inguaggiato's IFP application states that she is employed and earns $200.00 a week. ECF No. 2 ¶¶ 2–3. Notably, she asserts that she has $1,200.00 in cash or in a checking or savings account and owns a house worth $314,000.00. *Id.* ¶¶ 4–5. She states that her monthly expenses include $400.00 for a mortgage, $350.00 for a car lease, and $1,000.00 for credit card payments. *Id.* ¶ 6. She lists one financial dependent—her son. *Id.* ¶ 7. Based on Ms. Inguaggiato's application, and in particular on the fact that she has $1,200.00 in a checking or savings account, the Court is not satisfied that she is unable to pay the filing fee to bring this action.

Giovanni Inguaggiato, who appears to be Donata Inguaggiato's spouse, submitted his own IFP application in which he states that he is employed and earns $5,000 a month. ECF No.

3 ¶¶ 1–2.  He asserts that he has $500.00 in a checking account and owns a house valued at $2,000,000.00.  *Id.* ¶¶ 4–5.  He lists a series of monthly expenses, including $1,000.00 for a home mortgage, $200.00 for utilities, $100.00 for home maintenance, $265.00 for transportation costs, and $1,200.00 for homeowner's insurance.  *Id.* at ¶ 8.  He also lists one financial dependent—his son.  *Id.* ¶ 7.  Based on his financial declaration form, the Court is not satisfied that he is unable to pay the filing fee to bring this action.

Finally, Gregory Daley submitted an IFP application, in which he asserts that he is unemployed, does not receive any other income, and does not have any money in a checking or savings account.  ECF No. 4 ¶¶ 2–4.  He further asserts that he is "currently displaced," has no monthly expenses or financial dependents and his only asset is a pickup truck worth $20,000.  *Id.* ¶¶ 5–7.  He also states that he has $15,000 in student loan debt but does not indicate whether he is currently making payments on the loan.  *Id.* ¶ 8.  The Court is not satisfied that that he is unable to pay the filing fee to commence this action because, "[w]hen an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status."  *Dan M. v. Kijakazi*, No. 22-cv-664, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022).  "Because no one can live on no income and no assets, affidavits asserting that the plaintiff has no income and no assets *without further explanation* must be incomplete and, by extension, fail to support *in forma pauperis* status."  *Jones v. ACS/Queens Field Off.*, No. 23-cv-5742, 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024).  If Mr. Daley relies on another person for support, he needed to state as much on his application.  *Jones*, 2024 WL 2818138, at *1 ("One potential explanation, which a court may consider when assessing an application to proceed *in forma pauperis*, is that the applicant has

3

access to resources from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.").

## DISCUSSION

Accordingly, Plaintiffs' IFP applications are denied. In order to proceed with this action, Plaintiffs may have until December 27, 2024, to pay the $405.00 filing fee. For the avoidance of doubt, each Plaintiff does not need to pay $405.00—only one payment of $405.00 on behalf of Plaintiffs is required. The Clerk of Court is respectfully directed to mail a copy of this Order to each Plaintiff and note the mailing on the docket. All further proceedings shall be stayed pending payment of the filing fee.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                 */s/ Hector Gonzalez*
                                                 HECTOR GONZALEZ
                                                 United States District Judge

Dated: Brooklyn, New York
       December 6, 2024